12012

COLUMBIA SAV. BANK & TRUST CO. v. MOORE *ET AL.*

(133 S. E., 545)

1. BILLS AND NOTES.—Issue as to notice of protest and nonpayment by indorsers *held* properly submitted to jury on conflicting testimony.

2. BANKRUPTCY.—Creditor lending money to debtor to pay other debtors, in accordance with composition in bankruptcy theretofore agreed to, *held* not guilty of fraud or collusion to injury of other creditors, although pre-existing indebtedness was included in note given therefor.

Before BONHAM, J., Richland, April, 1924.    Affirmed.

Action by the Columbia Savings Bank & Trust Company against W. S. Moore and others.    Judgment for plaintiff, and defendants appeal.

*Messrs. D. W. Robinson* and *D. W. Robinson, Jr.,* for appellants, cite: *Who are indorsers:* Civ. Code, 1922, Secs. 3714 and 3718; 130 S. E., 891; 109 S. C., 121. *Notice of dishonor necessary to bind indorser:* 131 S. E., 41; 130 S. E., 891; 127 S. C., 348; 121 S. E., 262; 121 S. C., 153; 113 S. E., 583. *Facts showing waiver of notice of dishonor must be pleaded:* 115 S. C., 225; 105 S. E., 543; 114 S. C., 185; 103 S. E., 508; 14 Enc. Pl. & Pr., 1069; 8 C. J., 906; Brannon's N. I. L., 3rd Ed., 302. *Burden of proving notice was given:* 114 S. C., 185; 103 S. E., 508; 114 S. C., 19; 103 S. E., 27. *How notice of dishonor to be given:* Civ. Code, 1922, Secs. 3747, 3748, 3754 and 3759; Brannon's N. I. L., 3rd Ed., Secs. 97, 103, 104 and 108; 13 S. C., 350; 31 S. C. L., 342. *Question of notice of dishonor one of law and fact:* 21 S. C. L., 82. *Implied waiver of notice of dishonor:* 131 S. C., 267; 127 S. E., 365; 3 R. C. L., 1240. *Where facts are undisputed agency is question of law:* 132 S. C., 227; 28 S. E., 428; 104 S. C., 157; 88 S. E., 370. *Agency provable only by affirmative evidence:* 132 S. C., 344; 127 S. E., 562; 128 S. C., 417; 122 S. E., 511; 126 S. C., 282; 119 S. E., 829; L. R. A., 1916-B, 860 and note; 23 L. R. A. (N. S.), 414. *Authority to collect interest not authority to collect principal:* 132 S. C., 344; 127 S. E., 562; 128 S. C., 417; 122 S. E., 511. *Authority to indorse is not authority to receive notice of dishonor:* 60 S. C., 473; 35 A. C. L., 101; 8 C. J., 645; 2 Mechem on Agency, 2nd Ed., Sec. 1831. *Agency not presumed between husband and wife:* 75 S. C., 81; 55 S. E., 153. *In case of composition in bankruptcy where debtor gives note to one creditor for his full debt in order to carry out the composition with other creditors, such note is void:* 70 Mich., 159; 38 N. W., 16; 14 A. S. R., 482; 198 S. W., 504; 108 N. E., 139; 227

U. S., 628; 57 L. Ed., 677; Black on Bankruptcy, 3rd. Ed.,
Sec. 651; 2 Pom. Eq. Ins., 4th Ed., Sec. 967; 2 R. C. L.,
963; Rule XLI of Supreme Court of U. S., 69 L. Ed., 1175.
*Court will not grant relief where consideration is contrary
to public policy or to good morals, and parties in pari delicto:*
174 U. S., 654; 1 Pom. Eq. Ins., 4th Ed., Sec. 402.

*Messrs. Melton & Belser,* for respondent, cite: *New
promise after discharge in bankruptcy enforcible:* 78 S. C.,
408; 39 S. C., 333; 20 S. C., 57; 16 S. C., 217; 3 Bail., 56;
227 U. S., 625; 33 S. Ct. 365; 57 L. Ed., 676; 82 Ala.,
85; 2 So., 322; 60 Am. Rep., 733; 225 Ill., 430; 80 N. E.,
307; 116 A. S. R., 151; 81 Kan., 340; 105 P., 436; 135
A. S. R., 374 and note; 19 Ann. Cas., 146; 26 L. R. A.
(N. S.), 274; 196 Mass., 528; 82 N. E., 696; 124 A. S. R.,
584; 13 Ann. Cas., 365; 14 L. R. A. (N. S.), 1025; 194
N Y., 165; 86 N. E., 1116; 16 Ann. Cas., 1150; 24 L. R. A.
(N. S.), 628; 132 Ga., 601; 64 S. E., 788; 16 Ann. Cas.,
1070; 53 L. R. A., 362, note; Ann. Cas., 1913-C, 742; 2
R. C. L., 324. *What fraud sufficient to justify setting aside
composition:* 256 F., 266; 43 Am. B. R., 73; 173 F., 430;
23 Am. B. R., 25; 159 F., 956; 20 Am. B. R., 634; I
Collier on Bankruptcy, 453 and 466. *Creditor agreeing to
composition cannot withdraw:* I Collier on Bankruptcy,
443. *Note given after adjudication for money used to effect
composition sustained:* 227 U. S., 625; 33 S. Ct., 365; 57
L. Ed., 676; 82 Ala., 85; 2 So., 322; 60 Am. Rep., 733;
225 Ill., 430; 80 N. E., 307; 116 A. S. R., 151; 81 Kan.,
340; 105 P., 436; 135 A. S. R., 374 and note; 19 Ann. Cas.,
146; 26 L. R. A. (N. S.), 274; 196 Mass., 528; 82 N. E.,
696; 124 A. S. R., 584; 13 Ann. Cas., 365; 14 L. R. A.
(N. S.), 1025; 194 N. Y., 165; 86 N. E., 1116; 16 Ann.
Cas., 1150; 24 L. R. A. (N. S.), 628; 132 Ga., 601; 64
S. E., 788; 16 Ann. Cas., 1070; 12 Fed. Cas., 395; 57
Iowa, 591; 42 Am. Rep., 59 and note; 126 Ga., 116; 54
S. E., 810; 7 Ann. Cas., 971; 130 A. S. R., 385; Ann. Cas.,
1913-C, 742; 53 L. R. A., 362, notes. *How notice of dis-*

*honor may be given:*   Civ. Code, 1922; Secs. 3747, 3754 and 3759.   103 App. Div., 372; Crawford, N. Y. Inst., 173. *Notice of dishonor unnecessary where paper is presented to indorser for payment:*   Civ. Code, 1922, Sec., 3766.   *Notice of dishonor to agent sufficient:*   Civ. Code, 1922, Sec. 3748; 98 Ala., 550; 13 So., 335; 57 Cal., 327; 28 La. Ann., 48; 82 Minn., 387; 85 N. W., 162; 41 Miss., 212; 90 Am. Dec., 371; 52 App. Div., 635; 66 N. Y. S., 1135; 2 Daniels on Neg. Inst., 998; 8 C. J., 1645; 21 Cyc., 1422; Crawford, N. I. L., 174.   *Agency defined:*   21 R. C. L., 817.   *Creation of agency:*   21 R. C. L., 819.   *Evidence of agency:*   21 R. C. L., 820.   *Husband as general agent of wife:* 128 S. C., 470; 108 S. C., 92; 98 S. E., 847; 114 Me., 177; 95 A., 942; 89 Me., 538; 36 A., 1003; 56 A. S. R., 436; 68 Ga., 477; 19 Ga. App., 217; 91 S. E., 337; 155 Mo., 280; 56 S. W., 1076; 21 Cal. App., 670; 132 P., 596; 166 Iowa, 715; 148 N. W., 990; 141 Iowa, 540; 120 N. W., 334; 136 Iowa, 284; 111 N. W., 435; 2 Ont. L., 582; 8 C. J., 645.   *Agency is question of fact for jury:*   128 S. C., 470; 105 S. E., 749; 104 S. E., 30; 98 S. E., 847; 90 S. E., 155; 61 S. E., 82.   *Ratification of acts of alleged agent is question of fact for jury:*   100 S. E., 689; 96 S. E., 397; 93 S. E., 984; 75 S. E., 700; 10 S. E., 30.

June 11, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellant states the points raised by the exceptions thus:

"This was an action commenced by the plaintiff against defendants, as indorsers, for the recovery of the amount due on four several promissory notes.   The answer sets up two principal defenses, to wit:

"The first denies notice of protest and nonpayment.

"Second, the defendants deny the validity and legality of the notes sued on, and further set up as a cause of invalidity that the notes were given for and included a pre-existing

indebtedness of the same corporation, J. C. Moore & Son, Inc., which pre-existing indebtedness should have been and was discharged by bankruptcy in the early part of the year 1922, but that the plaintiff secretly and without the knowledge of the other creditors of the corporation obtained from the bankrupt corporation a new note incorporating all of its indebtedness, together with the indorsement of these defendants, while appearing to agree to a composition in the bankruptcy, all of which misled other creditors and was in reality a fraud on them. And that this illegality vitiated the entire indebtedness.

"Our attention will therefore be confined to these two points which are covered by the various exceptions."

As to the indorser denying notice of protest and nonpayment, no other inference can be drawn from the evidence other than that W. S. Moore was the agent of Mrs. E. V. Moore; he admits that he received the notices; it is true that he testified that he received them after the time had passed, but Duncan testified that the notices were given in time; there was a conflict of testimony, and his Honor properly submitted the issues to the jury.

The evidence thereafter of composition was made on April 14th and accepted on April 30th, and accepted by sufficient creditors at some time in May to make it binding on everybody; the respondent in agreeing on June 6th to make the loan and consummating the loan on June 7th was not guilty of fraud or collusion to the detriment and injury of the other creditors. The money borrowed was used in paying off the other creditors, who accepted the offer of composition long before the loan was negotiated, and appellants were under a moral obligation to pay the money they owed the respondent, and it was perfectly natural and legitimate in advancing more money to pay off the other creditors that the respondent should look to securing the debts the appellants then owed it.

It was a legitimate transaction—natural—and the evi-

dence shows there could not be and was not any sort of fraud or collusion practiced on the other creditors in the case.

We see no error on the part of his Honor; there is no merit in the exceptions; the exceptions are overruled and judgment affirmed.

Mr. Chief Justice Gary and Messrs. Justices Cothran, Blease and Stabler concur.